```
             IN THE UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF KANSAS
```

**JEFFERY LEON GARNER,**

                           **Plaintiff,**

                                            CIVIL ACTION
       **vs.**                                             No. 05-3040-SAC

**MICHAEL A. NELSON, et al.,**

                           **Defendants.**

## ORDER

    Plaintiff proceeds pro se and in forma pauperis on a complaint filed under 42 U.S.C. § 1983 while incarcerated in El Dorado Correctional Facility (EDCF) in El Dorado, Kansas. Plaintiff seeks relief from three defendants: the State of Kansas and EDCF Wardens Nelson and Roberts.

    By an order dated April 27, 2005, the court dismissed all claims for declaratory and injunctive relief against all defendants, dismissed plaintiff's claims for damages against the State of Kansas and against the EDCF wardens in their official capacities, and directed plaintiff to show cause why plaintiff's remaining claim for damages against the EDCF wardens in their individual capacities should not be dismissed as stating no claim for relief. Following the death of Judge VanBebber, this matter was assigned to the undersigned judge.

    Before the court is plaintiff's motion (Doc. 19) for reconsideration of the partial dismissal of his claims. The pleading also encompasses plaintiff's response to the April 27,

2005, show cause order. Having reviewed the record, the court denies plaintiff's motion for reconsideration, and dismisses plaintiff's remaining claims.

Plaintiff first argues his claim for damages related to the 1999 reversal of his 1987 conviction (Count I) and claim for damages against EDCF Warden Nelson regarding the service of plaintiff's sentence in that conviction (Count II) are not time barred. In the April 27, 2005, order, the court dismissed these claims as filed well outside the two year limitation period for seeking relief. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations applies to civil rights actions brought pursuant to 42 U.S.C. § 1983)(*citing* K.S.A. 60-513(a)). Plaintiff now analogizes his confinement to kidnaping as having no statute of limitation for criminal prosecution. He further contends his repeated unsuccessful attempts to seek relief through the Legislative Joint Committee on Special Claims Against the State should operate to toll the running of the limitation period under K.S.A. 60-513(a). The court finds no legal merit to either of these arguments. Plaintiff's motion for reinstatement of Counts I and II is denied.

As to plaintiff's claim for damages for his alleged unlawful detention beyond his earliest scheduled release date for his sentence in 01-CR-1806 (Count III), plaintiff does not contest that his claims for damages against the State of Kansas, and against Warden Roberts in that defendant's official capacity,

regarding this alleged denial of plaintiff's constitutional rights are barred by the Eleventh Amendment. Having reviewed the record, the court finds plaintiff claim for damages against Warden Roberts in his individual capacity should be dismissed as well.

Plaintiff claims Warden Roberts and the EDCF staff unlawfully detained plaintiff beyond of his sentence in 01-CR-1806. Plaintiff characterizes his conditional release date of February 20, 2004, as his "legal maximum sentence," and seeks damages for confinement past that date until his release from custody of the Kansas Department of Corrections (KDOC) upon expiration of his sentence on April 22, 2004. As previously pointed out, however, plaintiff did not return to KDOC custody at EDCF until April 20, 2004, and was released shortly thereafter. Prior to that time he was confined in the Sedgwick County jail subject to prosecution on various criminal and probation violation charges.

Plaintiff documents that in September 2002 the state court placed him on probation for 18 months, with an underlying controlling sentence of 19 months[1] for his conviction on two forgery counts (Case 01-CR-1806). Based on plaintiff's failure in march 2003 to comply with conditions of his probation, the court revoked and reinstated that probation for 18 months from June 3, 2003. On January 7, 2004, the court again revoked

---

[1] The sentence included a consecutive sentence imposed for plaintiff's conviction for aggravated failure to appear (Case 02-CR-1300).

plaintiff's probation, and this time ordered plaintiff's return to KDOC custody to serve the underlying 19 month sentence.

Meanwhile, it appears plaintiff continued in the Sedgwick County jail on a pending criminal charge based on plaintiff's aggravated escape from custody in October 2003 (Case 03-CR-2733). Plaintiff entered a plea of guilty to this charge on February 23, 2004. On March 30, 2004, the court imposed an 11 month prison term consecutive to the sentence in 01-CR-1806, and placed plaintiff on probation after service of plaintiff's prison term in 01-CR-1806. Three weeks later plaintiff returned to EDCF for processing back into KDOC custody, and for release two days later on probation in 03-CR-2733. That probation was later revoked upon plaintiff's conviction on his plea to new forgery charges (Case 04-CR-1526). The court ordered plaintiff to serve the 11 month prison sentence in 03-CR-2733, and a consecutive 18 month prison sentence in 04-CR-1526.

This understanding of the record read in the light most favorable to plaintiff simply reveals no personal involvement by Warden Roberts in the alleged deprivation of plaintiff's liberty. Plaintiff's confinement from February 20 to March 30, 2004, in the Sedgwick County jail was clearly attributable to his conviction on the outstanding aggravated escape charge, and not to any defendant named in the complaint. Plaintiff's confinement continued in the Sedgwick jail for 21 days until he was returned to KDOC custody where he was received and released on the sentence imposed for his forgery convictions and then released on

4

probation for the aggravated escape conviction.  This minimal two day confinement in EDCF for processing is insufficient to state a claim of constitutional deprivation.

The final count in plaintiff's complaint is his claim that Warden Roberts is refusing to correct alleged error in plaintiff's record regarding plaintiff's release date in Cases No. 03-CR-2733 and 04-CR-1526 (Count IV).  Plaintiff alleges he is being denied appropriate jail credit.[2]  Any relief under 42 U.S.C. § 1983 on a claim that would necessarily invalidate the duration of plaintiff's confinement if successful is premature. Wilkinson v. Dotson, 125 S.Ct. 1242, 1248 (2005)("a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration").  Additionally, to challenge the execution of a sate sentence, relief in federal court must be pursued through habeas corpus under 28 U.S.C. § 2241 after first exhausting administrative and state court remedies.  Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000). Accordingly, the court's dismissal of plaintiff's final claim is

---

[2]Although plaintiff contends in his lawsuit that he was illegally confined from February 20 through April 22, 2004, for service of an expired sentence in 01-CR-1806, he does not appear to seek credit for that any of 62 day period on the consecutive sentence imposed on February 23, 2004.

without prejudice.

IT IS THEREFORE ORDERED that plaintiff's motion for reconsideration (Doc. 19), motion for appointment of counsel (Doc. 20), and motion for default judgment (Doc. 22) are denied.

IT IS FURTHER ORDERED that all claims remaining in the complaint are dismissed.

**IT IS SO ORDERED.**

DATED:  This 8th day of February 2006 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

6